WICKER *v.* WICKER.

5-458                                        269 S. W. 2d 311

Opinion delivered June 21, 1954.

*M. C. Lewis, Jr.,* for appellant.

*Q. Byrum Hurst, Michael B. Heindl* and *Earl J. Lane,* for appellee.

GEORGE ROSE SMITH, J. This is an appeal from a decree granting a divorce to the appellee, Arthur H. Wicker. For reversal it is contended that Wicker failed to prove himself to be a resident of Arkansas and failed to adduce testimony completely corroborating his state-

ment that the parties have lived apart without cohabitation for more than three years.

The couple were married in 1930 and lived together in South Carolina for more than eighteen years. On March 15, 1949, they entered into a written separation agreement by which they agreed to live apart in the future. Pursuant to this contract Wicker surrendered to his wife what seems to have been the greater part of his property, and she in turn released him from liability for support, alimony, dower, etc.

The separation agreement left the parties in a technical state of marriage, but both had renounced the privileges and duties that give substance to the relationship. This is Wicker's fifth attempt to end a status that is nominal rather than real. In 1949 he unsuccessfully sought a divorce in the South Carolina courts. In 1950 he moved to Florida and remained there for almost two years. Wicker twice sued for a divorce in Florida, but both complaints were dismissed without prejudice. The record does not disclose whether the dismissals were based upon an absence of proof of residence or a lack of grounds for divorce. In this respect the case differs from *Smith* v. *Smith,* 219 Ark. 278, 242 S. W. 2d 350, relied upon by the appellant. There we had before us the complete transcript of the proceedings in other courts, and their effect was to undermine the plaintiff's credibility.

Wicker came to Arkansas in June, 1952. Upon some date not shown by the proof he filed suit for divorce, but later on he voluntarily dismissed that case. The present complaint was filed more than a year after Wicker arrived in Hot Springs, Arkansas, and at the time of trial Wicker had been a residence of this state for over sixteen months. The chancellor concluded that Wicker had acquired an Arkansas domicile.

The record does not convince us that the trial court was in error. Wicker, since coming to Arkansas, has obtained what seems to be permanent employment, has brought all his property to this state, has paid his var-

ious taxes here, and has in other ways conducted himself as one who means to make his home in Hot Springs. If it were not for Wicker's earlier efforts to obtain a divorce in South Carolina and Florida it could hardly be seriously contended that the decree is against the weight of the evidence.

The previous suits are certainly a basis for suspecting, despite Wicker's protestations to the contrary, that his removal to Arkansas was influenced by his undoubted desire for complete marital freedom. But it does not follow that this motivation is an absolute bar to the acquisition of a domicile in Arkansas. "The motive actuating establishment of the new home is wholly immaterial. It may be for the purpose of taking advantage of lower tax laws, or easier divorce laws, or to evade civil or criminal liabilities about to be imposed in another state, or for any other purpose, worthy or unworthy." Leflar, Arkansas Law of Conflict of Laws, § 13. Of course no one except Wicker himself knows whether his presence in Arkansas is, on the one hand, actuated by a sincere desire to comply with our requirement of *bona fide* domicile, or, on the other, a mere sham that will be continued only long enough for the accomplishment of its purpose. The same question arises in every case of this kind and can never be answered with complete certainty. Upon this record we are not persuaded that the decree is contrary to the preponderance of the evidence.

On the merits there is sufficient corroboration of the asserted three-year separation. E. S. Blease, who has known Wicker for fifteen years and Mrs. Wicker for thirty, testifies positively that the two have not lived together for more than four years. Mrs. Wicker did not take the stand to contradict the plaintiff's evidence; instead, she argues that cohabitation could have occurred without Blease's knowledge. Obviously the same argument could be made in every case; to sustain it would be to abolish three years separation as a ground for divorce.

The decree is affirmed. The appellant's application for an attorney's fee in addition to that already allowed by this court is denied.